UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALBERT DEANGELIS,
#329863,

    Plaintiff,

vs.

LIVINGSTON COUNTY SHERIFF
MICHAEL MURPHY, et al.,

    Defendants.
_____/

Civil Action No. 20-CV-11124

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER OF PARTIAL DISMISSAL

Plaintiff, an inmate at the Livingston County Jail in Howell, Michigan, has brought this action under 42 U.S.C. § 1983 against eleven defendants.[1] The Court has granted plaintiff's application for leave to proceed in forma pauperis ("IFP"). The Court must dismiss an IFP complaint to the extent it is frivolous, fails to state a claim, or seeks relief against immune defendants. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

Plaintiff asserts three claims. First, he alleges that defendants Darryl Parker and Tammy Dempsey, whom he identifies respectively as a doctor and medical care supervisor, have failed to treat him for a "vision problem & eye condition." Compl. at 8. Plaintiff alleges that he "see[s] objects floating in my eyes" and that "the strain on my eyes is giving me severe headaches." *Id.* Whether this condition constitutes a "serious medical need" for constitutional purposes is doubtful, *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976), but this claim is sufficient

---

[1] Plaintiff names Advanced Correctional Healthcare Corp., Michael Murphy, Jeffrey Warder, Jeff LeVeque, Tammy Dempsey, Adas, Pringle, Livingston County Sheriff's Office, Darryl Parker, Rosenbergh, and Mental Health Services.

to survive initial screening. However, to the extent plaintiff asserts this claim against Parker's and Dempsey's employer, Advanced Correctional Healthcare Corp., the claim is dismissed because there is no respondeat superior liability under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

Second, plaintiff alleges that "[d]efendants have retaliated, harassed, threatened, intimidate [sic], punishment [sic] several times for utilizing the grievance process (defendant Rosenbergh & defendants Murphy, Adas, Pringle, Warder & Leveque as supervisors of defendant Rosenbergh have allowed such conduct & actions to occur[] within their jail." Compl. at 8. This allegation fails to state a claim against Rosenbergh because it is an "unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), that does not provide any factual basis for the Court to infer that the claim has plausibility. The allegation also fails to state a claim against defendants Murphy, Adas, Pringle, Warder, or Leveque because no active involvement by these defendants is alleged. *See Monell*, *supra*; *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Third, plaintiff alleges that no precautions against the spread of COVID-19 are being taken at the Livingston County Jail. He alleges that no effort is being made at social distancing, no masks or gloves are being provided or worn by staff or inmates, and no adequate cleaning supplies are being provided. He also alleges that asthma inhalers, including his own, are kept in a common cardboard box, increasing the likelihood of cross-contamination. As this Court has recognized in other cases recently, allegations of this nature suffice to state a constitutional claim. *See, e.g., Cameron v. Bouchard*, No. CV 20-10949, 2020 WL 1929876 (E.D. Mich. Apr. 17, 2020); *United States v. Kennedy*, No. 18-20315, 2020 WL 1493481 (E.D.

Mich. Mar. 27, 2020). The Court shall permit this claim to proceed, but only as to defendant Murphy. As the Livingston County Sheriff, he is the only defendant who, by statute, has the "charge and custody of the jails of his county, and of the prisoners in the same." Mich. Comp. Laws Ann. § 51.75.

For these reasons,

IT IS ORDERED that the complaint in this matter is dismissed except for (1) plaintiff's claim against defendants Parker and Dempsey regarding his vision problems, and (2) plaintiff's claim against defendant Murphy regarding COVID-19 at the Livingston County Jail.

IT IS FURTHER ORDERED that the Clerk of Court terminate this matter as to defendants Advanced Correctional Healthcare Corp., Jeffrey Warder, Jeff LeVeque, Adas, Pringle, Livingston County Sheriff's Office, Rosenbergh, and Mental Health Services.

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

Dated: May 20, 2020
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 20, 2020.

Michael DeAngelis #329863
Livingston County Jail
150 Highlander Street
Howell, MI 48843

s/Johnetta M. Curry-Williams
Case Manager